UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CIVIL ACTION NO. 5:12-CV-332-KKC

CHRISTOPHER S. GAMBLE                                                                   PLAINTIFF

v.                                         OPINION AND ORDER

TIMOTHY W. PEAVYHOUSE, ET AL.                                                    DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on various motions (DE 41, 59, 70, and 71) filed by the parties in anticipation of trial.

Plaintiff Christopher S. Gamble was an inmate confined at Northpoint Training Center in Burgin, Kentucky. At all relevant times, defendants Timothy Peavyhouse, S.R. Taylor, and Robert Humfleet were corrections officers at Northpoint. Gamble asserts that the officers assaulted him without provocation. This matter is set for trial on February 22, 2106.

1) **Plaintiff's motion for writ of habeas corpus ad testificandum (DE 41)**

This motion (DE 41) is DENIED as moot. After filing this motion, Gamble filed an amended motion for writ of habeas corpus ad testificandum (DE 81).

2) **Defendant's motion to clarify plaintiff's claims (DE 71)**

Defendants move the Court to enter an order "limiting Plaintiff's claims at trial to use of excessive force in violation of the Eighth Amendment and a state law claim of assault and battery." (DE 71) For the following reasons, this motion is GRANTED.

In response to the motion, Gamble states that he has "alleged facts which support a claim that he was injured as a result of Defendant's negligence." (DE 74, Response at 1.) This is not correct. When asked on the complaint form to identify the rights – including state law rights – that the defendants violated, Gamble did not mention the word "negligence." Further, his complaint cannot be fairly read to assert a negligence claim. He asserts that the defendants engaged in only intentional acts. For example, he alleges that the defendants "physically/criminally assaulted" him, that he was "taken down with brute force and handcuffed very violently," that the officers "drove elbows and knees into" his body; "slammed [him] into a wall," and "ripped [him] up from

[his] seated position and dragged" him.

The use of excessive force by law enforcement constitutes the intentional tort of battery, not negligence. *Ali v. City of Louisville*, No. 3:03CV-427-R, 2006 WL 2663018, at *8 (W.D. Ky. Sept. 15, 2006). "There is no such thing as negligent battery." *Id*. See also *Turner v. Hill*, No. 5:12-CV-00195-TBR, 2014 WL 549462, at *10 (W.D. Ky. Feb. 11, 2014); *Marksbury v. Elder*, No. 5:09-CV-24-REW, 2011 WL 5598419, at *8, n.7 (E.D. Ky. Nov. 17, 2011) ("[B]ecause this is an excessive force claim, the applicable tort theory is assault and battery, not negligence.") With this opinion, the Court is not *dismissing* any negligence claim but rather finds that such a claim was never asserted.

In his complaint, Gamble asserts claims that the officers violated his right to be free from cruel and unusual punishment under the Eighth Amendment, that they violated his right to due process under the Fourteenth Amendment and that they committed assault and battery under Kentucky state law. Gamble has abandoned his Fourteenth Amendment claim. In response to the defendants' requests for admissions, Gamble stated that he asserts an Eighth Amendment claim and a claim for negligence, intentional or negligent infliction of emotional distress, and assault and battery." (DE 71-2, Requests for Admissions.) He does not mention a Fourteenth Amendment claim. Nor does he mention such a claim in response to this motion. In the response, he does state that he is not asserting claims for intentional or negligent infliction of emotional distress. (DE 74, Response at 1.)

Accordingly, the claims that will be tried in this action are Gamble's claims that his Eighth Amendment rights were violated and a state law claim of assault and battery.

**3) Plaintiff's motion to exclude his prior grievances and conviction and prison disciplinary record (DE 59)**

This motion is GRANTED in part and DENIED in part as premature.

With regard the conviction for which the defendant is currently incarcerated, he requests that the evidence be limited to "the crime charged, the date, and the disposition." (DE 59-1, Mem. at 6.) The defendants agree. Accordingly, the motion is granted to the extent that Gamble asks that evidence regarding the conviction for which he is serving time be limited to the crime charged, the date charged and the disposition.

As to evidence of his prior grievances and prison disciplinary record, this portion of the motion is DENIED as premature. However, the defendants MUST approach the bench to obtain permission before introducing such evidence.

Such evidence is "not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Nevertheless, it may be permissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Because the Court is uncertain as to the context, if any, in which the defendants may seek to introduce the evidence, the Court will deny the motion at this time. Nevertheless, before introducing evidence of Gamble's disciplinary record (unrelated to the incident at issue in this case) or prior grievances filed by him, the defendants must approach the bench to obtain permission to do so.

4) **Defendant's motion to exclude allegations of use of excessive force on other inmates (DE 70)**

This motion is DENIED as premature. However, Gamble MUST approach the bench to obtain permission before introducing such evidence.

The defendants seek to exclude grievance forms that were filed by other inmates and allege that the defendants used excessive force against those inmates. As discussed above, such evidence is "not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. Rule Evid. 404(b)(1). Nevertheless, it may be permissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Gamble states he has no intention of using the forms at this point but that they may become relevant and admissible at trial to, for example, impeach a witness. Because the Court is uncertain as to the context, if any, in which Gamble may seek to introduce the forms, the Court will deny the motion at this time. Nevertheless, before introducing the forms or any other evidence of prior allegations of excessive force against any of the defendants, Gamble must approach the bench to obtain permission to do so.

Dated February 10, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY